**Mary Monica SHARIFF and Reesha Shariff, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70324.

I & NS No. A72 132 133/A72 132 145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2001.

Decided Jan. 25, 2002.

Rawlinson, J., dissented and filed opinion.

Before PREGERSON and RAWLINSON, Circuit Judges, and WEINER, Senior District Judge.*

MEMORANDUM **

Petitioners Mary Monica Shariff ("Shariff") and her daughter Reesha seek review

---

* The Honorable Charles Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the final order of the Board of Immigration Appeals ("BIA").[1] The BIA's decision that Shariff was not entitled to asylum and relief from deportation is reviewed under the substantial evidence standard. *Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). To reverse the BIA's decision, Shariff must establish not only that the evidence supports a contrary decision, but also that it compels it. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (*citing Prasad v. INS*, 47 F.3d 336, 338–39 (9th Cir. 1995)).

Shariff, an ethnic Indian and citizen of Fiji, presented evidence that ethnic Fijians insulted and threatened her and stole her property. She also presented evidence that her house was repeatedly robbed and eventually burned down. The ethnic Fijian police were not able to establish the cause of the burning of Shariff's house. In his dissent, BIA Chairman Schmidt correctly pointed out that this fact does not eliminate the house-burning as an objectively reasonable basis for fearing persecution.

Moreover, there is evidence that a "pattern or practice" of persecution of ethnic Indians currently exists in Fiji, which relieves Shariff of the requirement to show that she would be singled out individually for persecution. *See* 8 C.F.R. § 208.13(b)(2)(iii). On May 19, 2000, a group of armed ethnic Fijians stormed the Parliament and seized the ethnic Indian Prime Minister and his cabinet. According to the State Department's most recent Country Report, the Fijian government's human rights record "deteriorated" in the aftermath of this coup and is now "generally poor." U.S. Department of State, *Country Reports on Human Rights Practices for 2000*, (2001) *available at* http://

www.state.gov/g/drl/ rls/hrrpt/2000/eap/ index.cfm?docid=699. The Country Report details many incidents of violence, theft, looting, and arson against ethnic Indians, some of which were carried out with the assistance of the ethnic Fijian police. The violence resulted in the internal displacement of hundreds of ethnic Indians. *Id.* The legal status of ethnic Indians also appears to be in limbo since the interim administration that followed the coup scrapped the race-neutral constitution and appointed a constitutional review commission that, like the interim administration itself, had no ethnic Indian members. *Id.*

Under *Gafoor v. INS*, 231 F.3d 645, 655–56 & n. 6 (9th Cir.2000), it is appropriate for us to consider this evidence of an ongoing pattern or practice of persecution of ethnic Indians in Fiji. On the basis of the State Department's latest Country Report, we remand the case to the BIA to determine whether circumstances have changed since publication of that report such that Shariff no longer has a well-founded fear of persecution.

PETITION FOR REVIEW GRANTED.

RAWLINSON, Circuit Judge, Dissenting.

RAWLINSON, Circuit Judge.

I respectfully dissent. The evidence in this case does not compel a decision which is contrary to that of the BIA. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Petitioner's relatives remain in Fiji and when Petitioner was questioned regarding her prospective return to Fiji, she initially expressed concern only about finding work and a place to live. She made no mention of safety concerns. The evidence in this

---

1. We have jurisdiction pursuant to INA § 106, 8 U.S.C. § 1105a (1994), as amended

by IIRIRA § 309, 110 Stat. 3009 (1996).

**722**

case does not compel a finding of past persecution or the requisite fear of future persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). General manifestations of hostility between competing ethnic and religious groups does not constitute persecution. *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998). Accordingly, I would deny the petition for review.